1
2
3                                                            Hon. Ronald B. Leighton
4
5
6                    UNITED STATES DISTRICT COURT
7             WESTERN DISTRICT OF WASHINGTON AT TACOMA

8    TIMOTHY ROBERTSON, individually,          No. 15-cv-05422-RBL-DWC

9              Plaintiff,                       DEFENDANTS' REPLY IN SUPPORT
                                                OF DEFENDANTS' MOTION FOR
10         vs.                                  SUMMARY JUDGMENT

11   KITSAP COUNTY, et al.,                     NOTED FOR HEARING:
                                                NOVEMBER 11, 2016
12             Defendants.

13                          **I.  INTRODUCTION**

14         Defendants Conmed, Inc., Arlen Johnson, ARNP, Barbara Mull, RN, Sue Stevens, RN,

15   and Bruce Kaler, MD (the "healthcare providers"), and Kitsap County moved for summary

16   judgment, (Dkt 35), and requested that the Court dismiss Plaintiff's Complaint with prejudice.

17   The motion should be granted for the reasons provided in that motion and as set forth herein.

18                    **II.  ARGUMENT AND AUTHORITY**

19         **A.     Response to Plaintiff's motions to strike and to supplement.**

20         1.     Plaintiff moves to strike on relevance grounds "medical issues of plaintiff which

21   were not ignored by defendants." (Dkt 57 at 2, 9).  The fact that the defendants were not

22   deliberately indifferent to Plaintiff as to his numerous other medical conditions makes it less

23   likely they were deliberately indifferent to him in regard to his tooth, and that is of consequence

24   to the determination in this matter.  Thus, the evidence is relevant, Fed.R.Evid. 401, and there

25   is no risk of confusion or prejudice where the Court is deciding these issues.  Fed.R.Evid. 403.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

2.      Plaintiff moves to strike evidence of his criminal behavior.  (Dkt 57 at 2, 10) (citing Fed.R.Evid. 609).  "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Here, Plaintiff was recently and repeatedly jailed on claims that include elements of fraud, including such things as prescription fraud (i.e. forging a doctor's name on a prescription pad he had obtained) and intentionally passing bad checks.  There is no ground to strike such facts.

3.      Plaintiff moves to strike the Declaration of Robert Johnson, DDS, (Dkt 41), arguing Dr. Johnson was not disclosed under Fed.R.Civ.P.26(a)(2) or otherwise. (Dkt 57 at 9). Yet Plaintiff did not issue a single interrogatory, let alone one seeking expert information. Supplemental Declaration of Marc Rosenberg, Ex. 1 [RFPs]. Also, the court's scheduling order did not include an expert disclosure deadline, but stated discovery should be conducted in accordance with the parties' discovery plan.  (Dkt 31).  In the discovery plan, the expert disclosures deadline is tied to a trial date. (Dkt 30 at 5 ¶ 6).  Since there is no trial date set, Defendants presume the court will set a trial date, and corresponding expert disclosure deadline if the pending dispositive motions do not resolve the case.  The authority cited by Plaintiff does not apply to the facts of this case, and there is no basis to strike Defendants' expert witnesses.

4.      Plaintiff objects to Defendants providing only those portions of Plaintiff's deposition on which they rely. (Dkt 57 at 2). The Federal Rules require filing only those portions of depositions that a party intends to rely on.  *See* Fed.R.Civ.P. 56(c)(1)(A).  Plaintiff cites Fed.R.Civ.P. 32(a)(6), which permits Plaintiff to supplement the record with any portions of his client's deposition that he sees fit.  Plaintiff had equal access to the deposition transcript and could just as easily have filed it.  Plaintiff's motion to require Defendants to file Plaintiff's complete deposition transcript is without foundation and should be denied.

DEFENDANTS' REPLY IN SUPPORT OF SUMMARY
JUDGMENT - 2
15-cv-05422-RBL-DWC
5994210.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.    Defendants' evidentiary objections to Plaintiff's response materials.**

1.    Plaintiff's counsel represents documents as being a contract between the County and Conmed, (Dkt 43 at 2); (Dkt 44, Ex. B); but the exhibit is a mixture of documents signed over several years, including contracts, proposed bids, and other papers.  The only page of the submission that relates directly to dental care is bates numbered on the bottom right as 000020, which the bottom left indicates is a "Scope of <u>Proposed</u> Services."  This page states: "[i]f and when so desired by KCSOJ administration, Conmed will work together with KCSOJ administration to develop on-site capability to provide dental care for inmates." Plaintiff's counsel did not show: (1) personal knowledge of the document contents, (2) evidence of later events related to the proposal, or (3) that KCSOJ administration desired enactment of this proposal.  The Court should strike (Dkt 44, Ex. B) under Fed.R.Civ.P. 56(c)(4); Fed.R.Evid. 602, 805, 902(4); and *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011) (plaintiff's counsel not competent to testify about documents attached to declaration); *Koho v. Forest Labs., Inc.*, 17 F. Supp. 3d 1109, 1113 (W.D. Wash. 2014).

2.    Plaintiff filed eight declarations from fellow jail inmates. (Dkts 46-52, 55).  The declarations are riddled with hearsay, speculation as to what others felt or believed, and offer medical testimony without showing that the inmates have medical training; so the objectionable portions of these declarations should be stricken pursuant to Fed.R.Civ.P. 56(c)(4); Fed.R.Evid. 602, 701(c), 802; and *Berger v. Sonneland*, 144 Wn.2d 91, 110-11, 26 P.3d 257, 267 (2001); *Harris v. Robert C. Groth, M.D.*, 99 Wn.2d 438, 449, 663 P.2d 113, 119 (1983).

3.    Defendants object to Plaintiff's arguments that documents do not exist because they were not produced in discovery.  The discovery served by Plaintiff included only two requests for production, which sought: (1) a Kitsap County Jail Handbook, and (2) the contract between the County and Conmed.  Supp. Rosenberg Decl., Ex. 1.  Plaintiff cannot raise an issue of fact by not asking for documents and then arguing they have not been produced.

DEFENDANTS' REPLY IN SUPPORT OF SUMMARY
JUDGMENT - 3
15-cv-05422-RBL-DWC
5994210.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1   **C.      Plaintiff's § 1983 claim fails as a matter of law as to the individuals.**

2         **1.      Plaintiff has failed to support the § 1983 claim.**

3   "Deliberate indifference is a high legal standard. A showing of medical malpractice or

4   negligence is insufficient to establish a constitutional deprivation under the Eighth

5   Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To show deliberate

6   indifference, the deprivation must be "sufficiently serious" in objective terms, and the

7   government actor must subjectively act with a "sufficiently culpable state of mind." *Farmer*,

8   511 U.S. 835, 837.  Plaintiff has failed to support both the objective and subjective elements.

9         With respect to the objective inquiry, Plaintiff failed to offer medical evidence or the

10  opinion of a dentist to draw into question whether the issues with his tooth qualified as a

11  "sufficiently serious" condition at each stage of his interactions with the healthcare providers.

12  *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (dismissal was proper where plaintiff

13  did not offer medical evidence to support an excessive risk to inmate health); *Veloz v. N.Y.*, 339

14  F. Supp. 2d 505, 526 (S.D.N.Y. 2004), *aff'd*, 178 F. App'x 39 (2d Cir. 2006) (same).  Even if

15  Plaintiff could succeed in striking Dr. Johnson's testimony, Plaintiff did not offer medical

16  testimony to support a claim of deliberate indifference as to the changing nature of Plaintiff's

17  medical issues at each stage of events.    Plaintiff himself concedes his tooth's condition

18  worsened after he used a spoon to file down an allegedly sharp portion of his tooth.  There is no

19  medical testimony from an expert indicating that Plaintiff's condition was at all serious when

20  he was previously seen by the healthcare providers.  Clearly, when the healthcare providers

21  determined that the issue with Plaintiff's tooth had become serious, they did provide him with a

22  root canal and a crown.

23        Plaintiff offers no response with respect to the subjective inquiry that officials act with a

24  "sufficiently culpable state of mind," even though he must satisfy both the objective and

25  subjective prongs of the "deliberate indifference" standard to maintain his action against the

**LEE · SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Defendants and defeat summary judgment. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). Thus, even if the Court were to find that Plaintiff created an issue of fact on the objective prong, despite the absence of supporting medical evidence, Plaintiff's silence on the subjective prong is fatal to his §1983 claim.  The competent evidence shows that the healthcare providers offered significant care to Plaintiff for a variety of health issues.  Plaintiff wishes this Court to strike this evidence of medical care, but it exists and is relevant.  If the healthcare providers merely failed to act as quickly as Plaintiff would have liked, this might be grounds for a negligence claim, but not a claim for deliberate indifference. *Farmer*, 511 U.S. at 838 ("an official's failure to alleviate a significant risk that he should have perceived but did not … cannot under our cases be condemned as the infliction of punishment").

The evidence offered by Defendants show that Plaintiff was treated for many medical conditions over several months in 2012, including hospitalization for chest pains, provision of Prilosec, treatment for shingles, a prescription for a catheter for urination problems, tooth pain, bronchitis, and an injured foot.  He was generally examined by healthcare providers within a day or so of each request.  The healthcare providers prescribed pain medication, ointments, and other treatment they believed appropriate to each condition.  Not only were the healthcare providers not deliberately indifferent, they also met the standard of care for the provision of treatment to Plaintiff.  (Dkt 41 at ¶ 11).  When Plaintiff asked to see "my dentist," he was advised that he would need a furlough.  Neither Plaintiff nor his attorney sought the furlough, though the medical providers believed he was seeking one.  Plaintiff then sat around for about a month without raising the issue of his teeth because he erroneously assumed that he was on a waiting list to be sent to an outside dentist, without discussing it with anyone.  When Plaintiff raised the issue again, the medical providers saw him for his tooth, and provided treatment believing it was sufficient.  When the healthcare providers determined conditions had changed and an emergent situation had developed, Plaintiff was provided with a root canal and

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

temporary crown from an outside dentist.  After his transfer to a Texas jail, Plaintiff was even provided a permanent crown by Conmed, which the Texas jail simply refused to put on.

There is no vicarious liability under § 1983, and a plaintiff must show that each defendant, through his or her own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Plaintiff does not dispute facts set forth as to the individual medical providers, but rather supplements them. Plaintiff's argument that "everyone in his cell knew he needed treatment," (Dkt 57 at 3) (citing inmate declarations), fails to either show that the inmates had the medical knowledge to make such decisions, or that they discussed their thoughts about Plaintiff with anyone else prior to the filing of his grievance.  And as shown by Defendants in their motion, "the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement, and participation in the after-the-fact review of a grievance is not enough to establish personal involvement." *Hartmann v. Carroll*, 929 F. Supp. 2d 321, 327 (D. Del. 2013), *aff'd*, 582 F. App'x 111 (3rd Cir. 2014).  *See also Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 546 (E.D. Pa. 2015), *aff'd*, 2016 WL 3230692 (3rd Cir. June 13, 2016) ("denial of a grievance does not rise to the level of personal involvement required for § 1983 liability").

### 2. Mere delay is not deliberate indifference, and the *Berry* case is easily distinguishable on the facts.

Delay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation.  *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir.1985); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002); (same).  Rather, an inmate seeking to establish an Eighth Amendment claim must show "substantial harm" or a "tangible residual injury." *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Mayfield v. Craven*, 299 F. Supp. 1111, 1113 (E.D. Cal. 1969), *aff'd*, 433 F.2d 873 (9th Cir. 1970).  Plaintiff argues he was diagnosed

DEFENDANTS' REPLY IN SUPPORT OF SUMMARY
JUDGMENT - 6
15-cv-05422-RBL-DWC
5994210.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

with pulpitis, but he does not offer medical testimony to suggest this condition would not have occurred had the root canal been provided earlier, or even whether this condition was caused by Plaintiffs own use of a spoon to attempt to file down an allegedly sharp edge of his tooth. Defendants provided Plaintiff with a root canal and a temporary crown, and even forwarded to him a permanent crown after he was released from jail. The Defendants did not cause plaintiff substantial harm and Plaintiff has not suffered a tangible residual injury.

Plaintiff relies almost solely on *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010), to support his deliberate indifference claim. (Dkt 57 at 19-22). *Berry* is easily distinguishable. In *Berry*, a plaintiff was serving a sentence in prison but was temporarily housed in a county jail because of overcrowding. When the plaintiff repeatedly asked for dental work, the medical providers, "regularly responded that Waushara did not have a dentist on staff, that the Waushara County Jail's medical staff could treat only pain or infections, and that any dental work would be performed when Berry was transferred back to a DOC facility." *Id*. at 438. The county jail then did not provide any treatment, and it was only when plaintiff was returned to another facility that he received any treatment. The court held, "[a] jury could find that she simply concluded that Berry could endure his pain until his transfer back to the DOC several weeks later, when Berry would be the DOC dentist's problem, not hers." *Id*. at 441.

*Berry* differs greatly from this case. While the staff in *Berry* never provided treatment despite knowledge of the plaintiff's condition, the healthcare providers did provide treatment. They did not originally see an emergent situation regarding Plaintiff's tooth, but immediately took him to a hospital when he complained of chest pain. Defendants provided a root canal and crown to Plaintiff when they determined his condition had worsened. There is no allegation that the healthcare providers were biding their time and refusing to treat Plaintiff until he could be shipped away. Under Plaintiff's own allegations, he was immediately seen by a doctor and, when first examined, his filling was in place, albeit loose, his gums were not inflamed or

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

swollen, and he was prescribed ibuprofen for pain.  This does not reflect a belief by the healthcare providers that there was a serious risk of harm to Plaintiff, or the disregarding of such risk, and so does not support the requisite culpable mental state to substantiate a Constitutional claim.  Plaintiff did not raise a genuine issue of material fact to support a claim for deliberate indifference, either in the objective or the subjective components of the claim.

### D.   Plaintiff's claim for *Monell* liability should be dismissed.

#### 1.   No constitutional violation, no municipal liability.

As argued by Defendants in their opening brief, there can be no municipal liability under 42 U.S.C. § 1983 if there is no underlying constitutional violation. (Dkt 35 at 19) (citing *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir.2008)).  Plaintiffs' *Monell* claim immediately fails because Plaintiff cannot support an underlying constitutional violation.

### E.   It is uncontroverted that a claim for punitive damages should be dismissed.

Plaintiff did not dispute that the punitive damage claim should be dismissed, (Dkt 35 at 23) (citing *City of Newport v. Fact Concerts*, 453 U.S. 247, 271, 101 S.Ct. 2748 (1981), so the court should grant this portion of the motion and dismiss the punitive damage claim.

#### 1.   Standard for *Monell* liability is not met here.

To support a *Monell* claim, Plaintiff must (1) identify a policy or custom that caused his injury, (2) demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged, and (3) demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403-404, 117 S.Ct. 1382 (1997).

Here, the three "policies" upon which Plaintiff rests his claim are: (1) that inmates must obtain a furlough from the court to leave the jail for non-emergency outside treatment, (Dkt 57 at 14-15), (2) that the County and Conmed entered into a flat-rate contract, (*id*. at 22), and (3) that there is no on-site dental facility within the jail.  (*Id*. at 22).

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

    **2.  This court has already rejected the furlough argument.**

2    Plaintiff did not respond to Defendants' arguments regarding *Theurich v. Kitsap Cty.*,

3 No. 15-5097 RJB, 2016 WL 2595198 (W.D. Wash. May 5, 2016). *See* (Dkt 35 at 22-23). The

4 *Theurich* court dismissed all claims on the same evidence as here. *Compare* (Dkt 36-40);

5 *Theurich*, 2016 WL 2595198 at *1. In *Theurich*, Judge Bryan held that requiring an inmate or

6 his counsel to fill out furlough papers to obtain treatment from an outside medical provider is

7 not deliberate indifference. *Theurich*, 2016 WL 2595198 at *11. Furloughs are also generally

8 required of state prisoners, RCW 72.66.018, and it is incumbent upon prisoners to submit their

9 own furlough applications. RCW 72.66.022; RCW 72.66.024. The provisions of RCW 72.66

10 apply to county jails. *See State v. Dorn*, 93 Wash. App. 535, 538, 969 P.2d 129, 131 (1999)

11 ("*Newman* held that county jails are part of the 'penal or correctional system of the state,' that a

12 county jail was a 'prison,' and that 'a county jail falls within the chain of penal institutions of

13 the state'"). There are few direct challenges to the constitutionally of the furlough requirement,

14 but such challenges appear to have always failed. *See e.g., Morris v. McCotter*, 773 F. Supp.

15 969, 971 (E.D. Tex. 1991) ("prisoners do not have a protectible expectation of furlough under

16 the Constitution"); *Figueroa v. Vose*, 874 F. Supp. 500, 506 (D.R.I. 1994), *aff'd*, 66 F.3d 306

17 (1st Cir. 1995) ("plaintiff has not met his burden of showing any injury from delayed medical

18 furloughs or missed medications"). Plaintiff did not present evidence as to who developed and

19 implemented the furloughs process (state, county, jail), nor that the need to seek a furlough was

20 the "moving force" behind the injury alleged. Plaintiff simply failed to use the available

21 furlough process, which Defendants thought Plaintiff was using, when in fact neither Plaintiff

22 nor his attorney had engaged in the process. (Dkt. 1 at ¶¶ 2.17, 2.20); (Dkt 36-40); (Dkt 42-1,

23 Ex. 1 at 51-52, 95-97, 105). Plaintiff's challenge to the furlough process for outside medical

24 treatment has no basis in fact or law.

25

DEFENDANTS' REPLY IN SUPPORT OF SUMMARY
JUDGMENT - 9
15-cv-05422-RBL-DWC
5994210.doc

**L E E · S M A R T**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**3.     This court has already rejected the flat-rate contract argument.**

Plaintiff asserts *Monnell* liability where the County and Conmed entered into a flat-rate contract.  (Dkt 57 at 22) ("[t]he County also entered a flat rate contract for services, to be shed of the responsibility to pay for more").  Again, this claim was brought by the same Plaintiff's counsel and rejected in both *Theurich*, 2016 WL 2595198, at *6 (dismissing all claims where "Defendants argue that the fact that Kitsap County contracted with Conmed to provide medical care to inmates at a flat rate also does not demonstrate deliberate indifference"); and *Kellogg v. Kitsap Cty*., No. C12-5717 RJB, 2013 WL 4507087, at *4 (W.D. Wash. Aug. 22, 2013). In *Kellog* this court dismissed the same claim on summary judgment holding as follows:

> Other than his argumentative assertion that flat-rate contracts inspire the withholding of necessary medical services, Plaintiff offers no evidence that ConMed, or its employee EMT Goodwin, denied the Plaintiff medical care in an effort to minimize costs. Nor does the Plaintiff offer any evidence in support of the contention that the County knew that their flat-rate contract would inspire inappropriate cost cutting measures on the part of ConMed. Simply asserting that the County contracted for flatrate medical services does not raise a material question of fact evidencing the County's deliberate indifference in providing medical services to inmates

*Kellogg*, 2013 WL 4507087, at *4.

This court should reach the same conclusion here as it did previously.

**4.     This court should reject Plaintiff's on-site dental facility argument.**

Plaintiff finally argues *Monnell* liability based on the absence of a permanent dental facility in the jail.  (Dkt 57 at 22) ("[t]here were no dental implements on site, not even a dental chair").  Plaintiff did not present any evidence that jails are required to have on-site dental facilities.  *See Bell v. Scholtz*, 2011 WL 1238911, at *11 (C.D. Ill. Mar. 30, 2011) (Plaintiff did not show that correctional facility was required to have on-site dental facility).  Plaintiff did not offer evidence that not having an on-site dental facility is (1) a municipal policy or custom that caused his injury.  *Brown*, 520 U.S. at 403-404.  Plaintiff offered no evidence that he would have received any different treatment had a dentist been on-site.  In fact, defense dental expert,

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2     Dr. Johnson, indicated that the medical providers acted reasonably and within the standard of

3     care. (Dkt 41 at ¶¶ 4-11).  Plaintiff also did not offer any evidence that, through its deliberate

4     conduct, the municipality was the moving force behind the injury alleged.  The facts of the case

5     reflect that Arlen Johnson, ARNP, had some experience with dental issues from his work in

6     rural areas, and provided Plaintiff with painkillers and salt water rinses, (Dkt 39 at 2), that

7     Plaintiff was subsequently treated by Bruce Kaler, MD, a licensed doctor with medical

8     knowledge who also provided antibiotics to Plaintiff, (Dkt 36), and that Plaintiff was ultimately

9     referred out to specialists, who provided him with a root canal and crown.  (*Id*. at ¶ 7, Ex. 3-5);

10    (Dkt 38 at ¶ 8, Ex. 1-3).  Plaintiff also does not show that there was a direct causal link between

11    the municipal action and the deprivation of federal rights.  *Brown*, 520 U.S. at 403-404.

12    Plaintiff does not explain why he never discussed his dental issues with Dr. Kaler when he saw

13    him.  (*Id*. at ¶ 4).  Nor does Plaintiff address the brief period in which Conmed was seeking a

14    new dentist for the improvement of services to the inmates. (Dkt 38 at ¶ 7).  Nor does Plaintiff

15    provide any reason why he did not discuss with the healthcare providers why he believed he

16    was on a dental list, when he had not been told this by anyone. (Dkt 42, Ex. 1 at 95-97).  These

17    failures by Plaintiff were breaks in any causal link, if not the cause themselves.  Plaintiff has

18    provided no evidence that not having an on-site dental facility was a deliberately indifferent

      policy or that it was the cause of any constitutional deprivation.

19         **F.     Claims against Conmed and its healthcare providers should be dismissed
                    where Plaintiff argues that Conmed is not a government entity.**

20         Plaintiff finally argues that Conmed is not subject to *Monnell* liability because it is not a

21    government entity, and that the court should find Conmed liable under a doctrine of respondeat

22    superior. (Dkt 57 at 23).  Defendants believe Plaintiff is making this argument because of the

23    difficulty in proving *Monnell* claims.  However, "[a] private corporation is not vicariously

24    liable under § 1983 for its employees' deprivations of others' civil rights." *Jackson v. Illinois*

25

**LEE • SMART**
P.S., Inc. • Pacific Northwest Law Offices
1800 One Convention Place • 701 Pike Street • Seattle • WA • 98101-3929
Tel. 206.624.7990 • Toll Free 877.624.7990 • Fax 206.624.5944

*Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002).  To show that Conmed is subject to § 1983, Plaintiff must present evidence that Conmed acted under color of state law.  *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) ("An action under section 1983 has two essential elements: (1) the defendants acted under color of law, and (2) their conduct deprived [the plaintiff] of a constitutional right").  If Plaintiff cannot do this, his claims against Conmed must be dismissed.

In addition, respondeat superior is a negligence-based cause of action, Plaintiff did not plead negligence, and respondeat superior does not apply in the context of a § 1983 claim. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).  Where Plaintiff argues Conmed is a private company, and its healthcare providers are private employees, not government officers, he has essentially conceded that the action by Conmed and its employees was not taken under color of state law, which is a requirement to any claim under § 1983.  Plaintiff's claims should be dismissed on this ground as well.  However, if the Court does consider Conmed a State actor, and analyses the *Monell* claims against it, the *Monell* claims should also be dismissed for the reasons set forth above.

### III.  CONCLUSION

The Court should grant Defendants' motion for summary judgment, (Dkt 35-42), and dismiss Plaintiff's sole claim under 42 U.S.C. § 1983 for the reasons provided.

DATED this 11th day of November, 2016.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Of Attorneys for Defendants

1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

DEFENDANTS' REPLY IN SUPPORT OF SUMMARY
JUDGMENT - 12
15-cv-05422-RBL-DWC
5994210.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

3

4

     Anthony Clarence Otto     tony@anthonyotto.com

5

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

6

7

     Dated this 11th day of November, 2016 at Seattle, Washington.

8

                 LEE SMART, P.S., INC.

9

                 By:  /s Marc Rosenberg
                     Marc Rosenberg, WSBA No. 31034

10

                     Of Attorneys for Defendants
                     Kitsap County, Conmed, Inc.

11

                     Arlen Johnson, ARNP,
                     Barbara Mull, RN, Sue Stevens, RN, and

12

                     Bruce Kaler, MD

13

                     1800 One Convention Place

14

                     701 Pike St.
                     Seattle, WA 98101-3929

15

                     (206) 624-7990
                     mr@leesmart.com

16

17

18

19

20

21

22

23

24

25

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944