UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ROBERTSON,

    Plaintiff,

v.

KITSAP COUNTY, CONMED, INC., ARLEN JOHNSON, BARBARA MULL, SUE STEVENS, BRUCE KALER,

    Defendants.

CASE NO. 3:15-CV-05422-RBL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Timothy Robertson and Defendants[1] filed Motions for Summary Judgment on October 19, 2016. Dkt. 35, 43. In support of their Motion for Summary Judgment, Defendants submitted, in part, excerpts from Plaintiff's deposition and the Declaration of expert witness Robert E. Johnson, DDS, FAGD, FICD. *See* Dkt. 41, 42. In his Response to Defendants' Motion for Summary Judgment, Plaintiff requests: (1) Plaintiff's entire deposition

---

[1] Defendants' Motion for Summary Judgment was filed on behalf of all Defendants: Kitsap County, Conmed Inc., Arlen Johnson, Barbara Mull, Sue Stevens, and Bruce Kaler. Dkt. 35

ORDER - 1

be submitted pursuant to Federal Rule of Civil Procedure 32(a)(6); and (2) Dr. Johnson's Declaration be stricken. Dkt. 57. After reviewing the relevant record, the Court reopens discovery and directs Defendants to file Plaintiff's entire deposition by December 16, 2016. The Clerk is directed to re-note the Motions for Summary Judgment (Dkt. 35, 43) for March 24, 2017.

## I.      Plaintiff's Deposition

Defendants' submitted portions of Plaintiff's deposition in support of their Motion for Summary Judgment. Dkt. 35, 42. Plaintiff requests the entire deposition be produced. Dkt. 57, p. 2. Pursuant to Rule 32(a)(6), "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Defendants argue they are only required to submit the portions of the depositions they intend to rely on in support of their Motion for Summary Judgment and state Plaintiff could have filed the entire deposition. Dkt. 59, p. 2.[2] While Plaintiff may file the entire deposition, he can require Defendants to introduce all parts of the deposition "that in fairness should be considered[.]" *See* Fed. R. Civ. P. 32(a)(6). Accordingly, Defendants are hereby ordered to file Plaintiff's entire deposition by December 16, 2016.

## II.     Expert Witness Disclosure

Defendants also submitted the Declaration of Dr. Johnson, an expert witness, in support of their Motion for Summary Judgment. Dkt. 35, 41. In his Response, Plaintiff requests the

---

[2] Defendants, citing Federal Rule of Civil Procedure 56(c)(1)(A), state they are only required to file the portions of the deposition they rely on in support of their Motion for Summary Judgment. Dkt. 59. Rule 56(c)(1)(A) states: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions[.]" Fed. R. Civ. P. 56(c)(1)(A). The Court does not find Rule 56 requires Defendants file only the portions of the deposition on which they relied. Rather, it says Defendants must cite to particular portions of the record. The Court is not persuaded Rule 56 conflicts with Rule 32(a)(6).

1 Declaration of Dr. Johnson be stricken because Defendants never disclosed Dr. Johnson as an
2 expert witness. Dkt. 57. Defendants argue Plaintiff did not seek expert information during
3 discovery and they are not required to disclose their experts until the Court sets an expert
4 disclosure deadline, which would based on the trial date. Dkt. 59.
5       Because this is a §1983 prisoner case, a trial date will not be set by the District Judge
6 assigned to this case until after the completion of the discovery period and the resolution of any
7 dispositive motions. On September 19, 2016, the discovery period closed prior to a trial date
8 being set by the District Judge. Defendants did not disclose the expert witness relied on in
9 support of their summary judgment motion prior to the close of discovery. *See* Dkt. 57, 59. In
10 order to ensure the ends of justice are met, the Court finds the parties must, at a minimum,
11 identify the expert witnesses they intend to rely on in support of their motions for summary
12 judgment prior to the close of discovery regardless of whether a trial date has been set. *See Elgas*
13 *v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998) ("A party must provide the names
14 of expert witnesses it expects to call before the close of discovery."); Fed. R. Civ. P. 1 (the
15 Federal Rules of Civil Procedure "should be construed, administered, and employed by the court
16 and the parties to secure the just . . . determination of every action and proceeding").
17       As Defendants did not identify their expert witness prior to the close of discovery, the
18 Court finds the ends of justice require discovery to be reopened. Accordingly, the Court orders
19 the following:
20     1. The discovery period is reopened. All expert witnesses the parties intend to rely on in
21        support of their summary judgment motions must be disclosed on or before December
22        23, 2016. All discovery must be completed on or before February 21, 2017.
23
24

2. Plaintiff may file a supplemental response to Defendants' Motion for Summary Judgment on or before March 20, 2017. Defendants may file a supplemental reply on or before March 24, 2017.

3. Defendants may file a supplemental response to Plaintiff's Motion for Summary Judgment on or before March 20, 2017. Plaintiff may file a supplemental reply on or before March 24, 2017.

4. The Clerk is directed to re-note the Motions for Summary Judgment (Dkt. 35, 43) for March 24, 2017.

Dated this 6th day of December, 2016.

David W. Christel
United States Magistrate Judge