UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROBERTSON, | CASE NO. C15-5422-RBL-DWC |
| Plaintiff, | ORDER ADOPTING R&R |
| v. | |
| KITSAP COUNTY, et al. | DKT. #80 |
| Defendants. | |

THIS MATTER is before the Court on Objections [Dkt. #80] by Defendants Sue Stevens, RN and Arlen Johnson, ARNP to Magistrate Judge David W. Christel's Report and Recommendation [Dkt. #79]. This case considers whether Defendants[1], mostly medical staff at the Kitsap County Jail, failed to provide Plaintiff Timothy Robertson with adequate dental care. Robertson suffered from a loose filling, pain, chipped enamel, and a cracked tooth[2], ultimately requiring a root canal, but was not sent to a dentist for two months.

---

[1] Defendants include Kitsap County, Conmed, Inc., Barbara Mull, Bruce Kaler, Sue Stevens, and Arlen Johnson.

[2] Stevens and Johnson ask the Court to amend the R&R to refer to Robertson's tooth as the "affected tooth" because referring to it as "broken" is "generally inflammatory." Dkt. #80 at 12. When resolving a motion for summary judgment, the Court cannot find facts. Therefore, this Court refuses to amend Judge Christel's language, as it does not even have the potential to prejudice Stevens and Johnson.

1       Robertson and Defendants cross-moved for summary judgment. Judge Christel recommends denying Robertson's Motion [Dkt. #43] and granting Defendants' Motion [Dkt. #35] in part. He recommends dismissing Robertson's claims against all Defendants except Stevens and Johnson because they may have failed to provide Robertson with prompt and adequate care.

      Stevens and Johnson object. Stevens argues she did not act with deliberate indifference because (1) Johnson is her superior, so she could not have changed his plans for Robertson's treatment, and (2) there was only a two-week delay between when she saw Robertson and when she scheduled him an appointment with an outside dentist. Stevens works as the clinic's Health Services Administrator. She is in charge of daily operations and administration of the medical staff. On this evidence, taken in the light most favorable to Robertson, the Court cannot conclude Johnson alone decided to "take no action" regarding Robertson's dental needs. Stevens saw Robertson on August 9 but did not refer him to an outside dentist until August 21. Without more, the Court similarly cannot conclude that in the interim, Stevens was searching for a dentist for Robertson.

      Johnson argues expert testimony from a DDS establishes he was not deliberately indifferent, and Robertson has not sufficiently rebutted this testimony. Dr. Johnson, the expert, testified that a referral to a dentist is unnecessary if an exam is benign. He did not analyze, however, whether Johnson properly categorized Robertson's August 3 exam as benign. He also did not testify about the adequacy of Johnson's August 9 exam on Robertson. Taking this testimony in the light most favorable to Robertson, the Court cannot conclude Johnson provided adequate dental care.

1    This Court agrees with Judge Christel that genuine issues of material fact exist on
2    whether Steven and Johnson acted with deliberate indifference to Robertson's dental needs. This
3    Court therefore adopts the R&R [Dkt. #79].
4        IT IS SO ORDERED.
5        Dated this 8th day of May, 2017.

                                            _____
                                            Ronald B. Leighton
                                            United States District Judge