|   |   |   |
|---|---|---|
| | | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ROBERTSON, | CASE NO. C15-5422-RBL-DWC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| KITSAP COUNTY, et al., | DKT. #82 |
| Defendants. | |

THIS MATTER is before the Court on Defendants Arlen Johnson, ARNP and Sue Stevens, RN's Motion for Reconsideration [Dkt. #82]. Johnson and Stevens ask the Court to reconsider its Order [Dkt. #81] adopting Magistrate Judge Christel's Report and Recommendation [Dkt. #79], which dismissed all other Defendants in partially granting their motion for summary judgment. This case considers whether Johnson and Stevens were deliberately indifferent to Plaintiff Robertson's medical needs by failing to provide him with adequate care after he broke his tooth while detained at the Kitsap County Jail. At a broad level, Johnson and Stevens repeat the argument made in their Objection [Dkt. #80] to the R&R that Robertson failed to meet his initial burden of proof. They argue here that he has not shown an urgent need for dental care or that Johnson and Stevens were deliberately indifferent to that need.

Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. *See* Local Rule W.D. Wash. CR 7(h)(1). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

To support his claim against Johnson and Stevens, Robertson must show he suffered a serious medical need, and they responded to his need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Deliberate indifference can be shown when prison officials deny, delay, or intentionally interfere with treatment, or by the way they provide care. *See Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988). Delay only constitutes an Eighth Amendment violation, however, if it causes the detainee substantial harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Taking the evidence in the light most favorable to Robertson, as always, he provided evidence he broke his tooth in late June 2012 while housed at the Kitsap County Jail; yet, Johnson implemented a "no action" plan beyond prescribing Robertson salt water rinses and Ibuprofen, and Stevens did not refer him to a dentist until late August. Dr. Paul Hutchinson, DDS noted Robertson's tooth was fractured, and he had developed irreversible pulpitis, requiring a root canal and crown. Robertson underwent a root canal in early September, but was extradited before receiving a permanent crown.

It is not a leap beyond credulity, or outside the bounds of *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S. Ct. 2505 (1986), to reason Robertson's need for an emergent root canal

supports a conclusion that Johnson's and Steven's delay caused him substantial harm. Robertson has shown a genuine issue of material fact exists as to whether he had a serious medical need that Johnson and Stevens responded to with deliberate indifference. He therefore did not fail to meet his burden of proof.

Accordingly, Johnson and Stevens' Motion for Reconsideration [Dkt. #82] is DENIED.

IT IS SO ORDERED.

Dated this 31st day of May, 2017.

Ronald B. Leighton
United States District Judge