|  | HONORABLE RONALD B. LEIGHTON |
|---|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| TIMOTHY ROBERTSON, | CASE NO. C15-5422-RBL |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO CERTIFY AND TO STAY |
| v. | |
| KITSAP COUNTY, et al. | DKT. #86 |
| Defendants. | |

THIS MATTER is before the Court on Defendants Johnson's and Steven's Motion for Certification of Issues to the Ninth Circuit and for a Stay of Proceedings [Dkt. #86]. Plaintiff Robertson alleges that after he broke a tooth at the Kitsap County Jail, Johnson and Stevens were deliberately indifferent to his dental needs by inadequately treating him and by delaying referring him to a dentist for two months. The Court denied Johnson's and Steven's motion for summary judgment, concluding the record, taken in the light most favorable to Robertson, presented genuine disputes of material facts. The Court also denied their motion for reconsideration.

Defendants now ask the Court to certify two questions to the Ninth Circuit: (1) whether a plaintiff claiming deliberate indifference to his medical needs is required to present competent medical evidence from a medical practitioner showing his serious medical need and that a delay

ORDER DENYING DEFENDANTS' MOTION TO
CERTIFY AND TO STAY - 1

or denial of treatment was a proximate cause of his tangible residual injury, and (2) whether a plaintiff claiming deliberate indifference to his medical needs is required to present competent medical evidence from a medical practitioner that the defendant fell below the standard of care. They argue if the Ninth Circuit answers these questions in the affirmative, Robertson's claims against them must be dismissed. They ask the Court to stay the case in the interim. Robertson argues the Court should deny Defendants' request because only questions of fact remain.

A district court may certify a non-final order for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Defendants attempt to convert a question about the sufficiency of the evidence into a question of controlling law. Their proposed questions show they take issue with the Court's conclusion that Robertson offered sufficient evidence from which a reasonable fact finder could return a decision in his favor.

"Evidence insufficiency" claims are not immediately appealable. *See Johnson v. Jones*, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156, 132 L. Ed. 2d 238 (1995). In *Johnson v. Jones*, the Supreme Court considered whether three defendant police officers were entitled to an interlocutory appeal on their argument that insufficient evidence supported the district court's conclusion that there were material issues of fact surrounding whether they had participated in allegedly beating the plaintiff. *See id.* at 307 (asking for an appeal on immunity grounds under *Mitchell v. Forsyth*, 472 U.S. 511, 524–29, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985)). The Court held "that a defendant … may not appeal a district court's summary judgment order

insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id*. at 319–20.

The same holds true here. The Defendants may not escape trial by contorting their displeasure with the Court's view of the evidence into an apparent question of law. Because the Defendants have not presented a controlling issue of law appropriate for certification, their Motion for Certification and for a Stay [Dkt. #86] is DENIED.

IT IS SO ORDERED.

Dated this 26th day of June, 2017.

_____
Ronald B. Leighton
United States District Judge